# 95 DTA 105

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE CAGUAS, HUMACAO Y GUAYAMA

EL PUEBLO DE PUERTO RICO
Peticionario-Recurrido

v.

ROBERTO MONTALVO MARTINEZ
Acusado-Recurrente

Núm. KLCE-95-00001

San Juan, Puerto Rico, a 9 de mayo de 1995

Panel integrado por su presidente, Juez González Román

y los Jueces Ortiz Carrión y Segarra Olivero

Segarra Olivero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El recurrente Roberto Montalvo Martínez fue acusado ante el Tribunal de Distrito, Sala de San Lorenzo, por varias infracciones a la Ley de Tránsito. El día 19 de enero de 1995 se celebró una vista a la que no compareció el Ministerio Fiscal. No obstante las objeciones de la defensa, el Tribunal resolvió que *"en vista de los términos del caso están próximos a vencerse y que es necesario la comparecencia de un químico para la vista del mismo, el Tribunal ordena el traslado del caso de epígrafe al Tribunal de Distrito, Sala de Caguas"*. El acusado solicitó la reconsideración de la determinación. Ante la negativa del Tribunal de Primera Instancia, y vigente ya la nueva Ley de la Judicatura, acudió a este Tribunal vía *certiorari.* [95 DTA 2, pág. 5]

Tras varios incidentes procesales ordenamos la paralización de los procedimientos y concedimos término al Ministerio Público para que mostrara causa por la cual no debiera expedirse el auto solicitado y dejar sin efecto la resolución del tribunal *a quo*. El Procurador General compareció en cumplimiento de lo ordenado, allanándose en su escrito a lo solicitado por el peticionario.

### I
La Regla 81 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone que a solicitud del Pueblo o el acusado, un tribunal ante el cual se hallare pendiente una causa criminal podrá decretar el traslado a otra sala por los fundamentos allí señalados. Del texto de la Regla se desprende claramente que el juez, en ausencia de una petición formulada por una de las partes, no puede asumir como prerrogativa suya el ordenar el traslado del caso. Si alguna duda hubiere aún sobre la improcedencia de lo dictaminado por el tribunal recurrido, bastaría una somera lectura de la Regla 82 para despejarla. Conforme a la Regla 82, 34 L.P.R.A. Ap. II, la Moción de Traslado se hará por escrito, expresándose en ella los fundamentos en que se basa y acompañada por una declaración jurada. Se reitera así que tiene que mediar una solicitud de traslado presentada por una de las partes, que debe además cumplir con ciertos requisitos formales.

### II
En el caso de autos, el Tribunal de Primera Instancia no sólo ordenó el traslado del caso *motu proprio,* sin estar presente el fiscal y sin el consentimiento del acusado, sino que, además actuó movido por una circunstancia que no está comprendida en la Regla 81 como causa para el traslado. Dispone la Regla 81 que se podrá trasladar un caso cuando resulte imposible obtener un juicio justo o imparcial; cuando la vida del acusado o de algún testigo peligre si se juzgare la causa en el distrito, o cuando en ese distrito no pueda obtenerse un jurado para el juicio.

El tribunal de instancia ordenó el traslado del caso de epígrafe debido a que para el juicio

ese fundamento, la parte promovente tendría que demostrar que de alguna manera la dificultad de citar al perito para la sala de San Lorenzo --asumiendo que existiera tal dificultad-- conduce a la imposibilidad de obtener un juicio justo, seguro e imparcial. Ciertamente, la razón aducida por el tribunal recurrido para justificar el traslado del caso de autos no representa una amenaza para los imperativos constitucionales que deben regir el procedimiento penal, *Pueblo v. Sánchez Pérez,* 122 D.P.R. 606, 615 (1988); *Pueblo v. Santiago Acosta,* 121 D.P.R. 727, 736 (1988); apenas podríamos advertir un inconveniente administrativo de escasa envergadura, claramente insuficiente para motivar el traslado de los procedimientos, máxime cuando una de las partes se ausentó de la vista y la otra se opuso.

Resolvemos, según solicita la parte peticionaria y como lo expone, además, el Procurador General, que actuó en exceso de sus facultades el Tribunal de instancia al ordenar *motu proprio* el traslado del caso, y por motivos no establecidos en las Reglas de Procedimiento Criminal. Se revoca la resolución recurrida.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General